**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 23, 2018
Date Decided: July 26, 2018

Ned Weinberger, Esquire
Thomas Curry, Esquire
Labaton Sucharow LLP
300 Delaware Avenue, Suite 1340
Wilmington, Delaware 19801

Rudolf Koch, Esquire
Kevin M. Gallagher, Esquire
Sarah A. Clark, Esquire
Anthony M. Calvano, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Kevin G. Abrams, Esquire
Michael A. Barlow, Esquire
April M. Ferraro, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

Re: *In re Straight Path Communications Inc. Consolidated Stockholder Litigation*, Civil Action No. 2017-0486-SG

Dear Counsel:

I have reviewed the Defendants'[1] request that I certify an interlocutory appeal of my Memorandum Opinion of June 25, 2018 (the "Mem. Op."), together with the Plaintiffs' opposition. An Order consistent with Supreme Court Rule 42 is attached, certifying the interlocutory appeal. This Letter Opinion supports that Order.

---

[1] I refer to IDT Corporation, Howard Jonas, and The Patrick Henry Trust as the "Defendants" in this Letter Opinion.

The viability of this post-merger action depends on the nature of the Plaintiffs' claim. If that claim is derivative of a cause of action owned by Nominal Defendant Straight Path Communications Inc., then that cause of action passed to the buyer, Verizon, in the merger of Straight Path into Verizon, which closed on February 28, 2018.[2] Any standing these Plaintiffs had to prosecute that cause of action went by the board at that time.[3] On the other hand, if the Plaintiffs' claim is direct, the merger had no bearing on its viability or on the Plaintiffs' standing.[4]

In the Mem. Op., I found that the actions complained of—involving a conflicted transaction to settle claims and transfer assets to a controller—were sufficiently intertwined with the merger that they represented a claim that some of the fruits of the merger were diverted to the controller at the expense of the non-controller stockholders, rendering that transaction unfair.[5] Accordingly, I found the Plaintiffs had pled a direct claim, and denied in relevant part the Motions to Dismiss.[6]

---

[2] *In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3120804, at *8 (Del. Ch. June 25, 2018).

[3] *See Lewis v. Anderson*, 477 A.2d 1040, 1049 (Del. 1984) ("A plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit.").

[4] *See Golaine v. Edwards*, 1999 WL 1271882, at *4 (Del. Ch. Dec. 21, 1999) ("If the claims are held to be individual, then the target company plaintiff may press on.").

[5] *In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3120804, at *9–20.

[6] *Id.*

Our Supreme Court has made it clear, via Rule 42, that interlocutory appeals are disfavored as, generally, inefficient.[7] The Supreme Court has directed the trial courts to deny motions to certify interlocutory appeals unless a specific analysis of enumerated factors demonstrates to the trial court that the proposed appeal is in that small subset of cases where interlocutory review is appropriate in the interests of justice and efficiency.[8]

The Defendants point out that, if my decision on the Motions to Dismiss were reversed, the matter would be at an end.[9] An interlocutory appeal, therefore, might avoid the necessity for discovery and trial, the expense and effort of which would be wasted if a reversal came only upon final review on appeal. In other words, the Mem. Op. resolved a substantial issue of material importance to the parties.[10] True, but insufficient; the same is true with respect to any denial of a case-dispositive motion. The Defendants also point out, however, that this matter satisfies more than one of the criteria applicable under Rule 42(b)(iii), which embody the analysis mandated to the trial court, as discussed above.

---

[7] *See* Supr. Ct. R. 42(b)(ii) ("Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.").

[8] Supr. Ct. R. 42(b)(i), (iii).

[9] *See Golaine*, 1999 WL 1271882, at *4 ("In the context of a merger transaction, the derivative-individual distinction is essentially outcome-determinative of any breach of fiduciary duty claims that can be asserted in connection with the merger by the target company stockholders. If the claims are held to be individual, then the target company plaintiff may press on. If the claims are found derivative, she may not.").

[10] *See* Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

The question presented in the Mem. Op. involves whether a challenge to a sale of corporate assets to a controller for an unfair price, upon which the controller conditions consent to a merger, states a direct claim under *Parnes v. Bally Entertainment Corp.*[11] and its progeny. Under *Parnes*, "[a] stockholder who directly attacks the fairness or validity of a merger alleges an injury to the stockholders, not the corporation, and may pursue such a claim even after the merger at issue has been consummated."[12] Unlike in *Parnes* itself,[13] however, here there was no challenge to the merger price as such; the challenged sale upon which the merger was conditioned removed corporate assets that would otherwise have been withheld from the merger sale and transferred to a trust for the benefit of the stockholders.[14] As a result, the total consideration received by the stockholders post-merger was decreased by the challenged sale, but the merger price itself was not affected, and was not challenged by the Plaintiffs.

This precise question has not been directly addressed by prior case law. In that sense, the issue satisfies Rule 42(b)(iii)(A), which asks whether the decision

---

[11] 722 A.2d 1243 (Del. 1999).

[12] *Id.* at 1245.

[13] *See id.* at 1246 (noting that interested acquirors might have paid a higher price for Bally "but were discouraged from bidding because they were unwilling to participate in illegal transactions").

[14] *See In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3120804, at *13 n.187 ("The Plaintiffs do not argue that the consideration received by the stockholders was unfair because other bidders could have topped Verizon's offer. Instead, the Plaintiffs allege that Howard Jonas took a massive amount of merger consideration off the table by coercing the Special Committee into settling the indemnification claim (and selling IDT the IP Assets) for less than fair value.").

4

"involves a question of law resolved for the first time in this State." As stated above, review may terminate the litigation, satisfying Rule 42(b)(iii)(G). Finally, I note that the resolution of the matter will be instructive on the application of *Parnes* in light of the Supreme Court precedent in *Kramer*, which teaches that transactions prior to a merger that are challenged, essentially, as waste, belong solely to the company, and do not state direct claims.[15] Guidance on this issue, in my mind, would serve considerations of justice, satisfying Rule 42(b)(iii)(H).[16]

In light of this analysis, and despite the costs of interlocutory appeal to litigants and to the courts, I find that review by the Supreme Court of this issue on an interlocutory basis is in the interest of justice, and that the benefits will likely outweigh the costs.[17]

---

[15] *See Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 353 (Del. 1988) ("The complaint states simply a series of claims of waste of assets (through the payment of unnecessary options, bonuses, fees and expenses) that, by virtue of the timing of payout, are said to result in an illegal diversion of funds from the shareholders in breach of a contract right and the cause of special injury to them. We do not find such allegations to be sufficient to state a claim of special or direct injury to the common shareholders rather than a derivative claim for waste." (footnote omitted)).

[16] *See, e.g.*, *In re Gaylord Container Corp. S'holders Litig.*, 747 A.2d 71, 75 (Del. 1999) ("The application of th[e direct/derivative test]-especially with respect to complaints challenging board actions taken for defensive reasons or in the context of change of control transactions-has yielded less than predictable results. Some of these results seem to flow from whether the plaintiff cited the correct magic words, rather than from any real distinction between the relief sought or [*sic*] the injury suffered.").

[17] *See* Supr. Ct. R. 42(b)(iii) ("After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.").

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE STRAIGHT PATH )
COMMUNICATIONS INC. ) C.A. No. 2017-0486-SG
CONSOLIDATED STOCKHOLDER )
LITIGATION )

## ORDER GRANTING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

This day of July 26, 2018, Defendants IDT Corporation, Howard Jonas, and The Patrick Henry Trust having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated July 3, 2018; and the Court having found that such order determines a substantial issue of material importance that merits appellate review before a final judgment and that the following criteria of Supreme Court Rule 42(b)(iii) apply: Rule 42(b)(iii)(A), Rule 42(b)(iii)(G), Rule 42(b)(iii)(H);

IT IS ORDERED that the Court's order of July 3, 2018, is hereby certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Sam Glasscock III

Vice Chancellor